**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EMPOWER OVERSIGHT ) <br> WHISTLEBLOWERS & RESEARCH, ) <br> 11166 Fairfax Blvd., Ste. 500 #1076 ) <br> Fairfax, VA  22030, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> U.S. DEPARTMENT OF JUSTICE, ) <br> 950 Pennsylvania Avenue NW ) <br> Washington DC  20530, ) <br> ) <br> Defendant. ) | Case Action No. 1:24-cv-2950 <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**COMPLAINT**

Plaintiff Empower Oversight Whistleblowers & Research ("Empower Oversight"), by and through its counsel, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the failure of the U.S. Department of Justice ("DOJ") to issue determinations as to Plaintiff's FOIA request within the statutorily prescribed time, and seeking the disclosure and release of agency records improperly withheld by Defendant. In support thereof, Plaintiff Empower Oversight alleges and states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6)(C)(i), and 28 U.S.C. § 1331, because this action arises under FOIA and Plaintiff has exhausted its administrative remedies.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

1

3. This Court has authority to award injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

4. This Court has the authority to award declaratory relief pursuant to 28 U.S.C. § 2201.

## PARTIES

5. Plaintiff, Empower Oversight Whistleblowers & Research, with an office at 11166 Fairfax Blvd., Ste. 500, Fairfax, VA 22030, is a nonprofit, nonpartisan educational organization dedicated to enhancing independent oversight of government and corporate wrongdoing. It works to help insiders document and report corruption to the proper authorities while also seeking to hold authorities accountable to act on those reports.

6. Defendant is the DOJ, which is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).

7. Defendant DOJ is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530.

8. Defendant DOJ has possession, custody, and control of the records Plaintiff seeks.

## FACTUAL ALLEGATIONS

**The DOJ**

9. On September 7, 2023, Plaintiff Empower Oversight submitted a written request to Defendant DOJ in accordance with 5 U.S.C. § 552. *See* Pl.'s FOIA Request to DOJ, Ex. 1, incorporated by reference as if fully set forth herein. (Hereinafter 2023 FOIA).

10. To summarize, Plaintiff requested communications sent to the DOJ by Hunter Biden's legal team regarding Plaintiff's client and the accusations made against him. *Id.*

11. Plaintiff provided pertinent information in its Request as required by the relevant regulation, 28 C.F.R. § 16.3, "describ[ing] the records sought in sufficient detail to enable Department

personnel to locate them with a reasonable amount of effort." Pl.'s FOIA Requests to DOJ, Ex. 1.

12. Defendant DOJ assigned tracking number EMRUFOIA090723-5 and referred the 2023 FOIA to DOJ component: Office of Information Policy (OIP). *See* Def.'s FOIA Response, Ex. 2, incorporated by reference as if fully set forth herein.

13. On September 25, 2023, Plaintiff sent a second FOIA request letter to Defendant DOJ, which requested all communications sent or received by the DOJ discussing or mentioning the allegations against Plaintiff's client made by Hunter Biden's legal team. Pl.'s FOIA Requests to DOJ, Ex. 3, incorporated by reference as if fully set forth herein. (Hereinafter Sept 25 FOIA).

14. Plaintiff provided pertinent information in its Request as required by the relevant regulation, 28 C.F.R. § 16.3, "describ[ing] the records sought in sufficient detail to enable Department personnel to locate them with a reasonable amount of effort." Pl.'s FOIA Requests to DOJ, Ex. 3.

15. Defendant DOJ assigned tracking number EMRUFOIA092523-3 and referred the September 25 FOIA request to DOJ component: Office of Information Policy (OIP). *See* Def.'s FOIA Response, Ex. 4, incorporated by reference as if fully set forth herein.

16. On September 26, 2023, Plaintiff sent a third FOIA request letter to Defendant DOJ, which requested all communications between any Department employee and members of the press discussing or mentioning the Plaintiff's client. Pl.'s FOIA Requests to DOJ, Ex. 5, incorporated by reference as if fully set forth herein (hereinafter September 26 FOIA).

17. Plaintiff provided pertinent information in its Request as required by the relevant regulation, 28 C.F.R. § 16.3, "describ[ing] the records sought in sufficient detail to enable Department

personnel to locate them with a reasonable amount of effort." Pl.'s FOIA Requests to DOJ, Ex. 5.

18. Defendant DOJ assigned tracking number EMRUFOIA092623-1 and referred the September 26 FOIA request to DOJ component: Office of Information Policy (OIP). *See* Def.'s FOIA Response, Ex. 6, incorporated by reference as if fully set forth herein.

19. On or about May 13, 2024, Plaintiff sent a fourth FOIA request letter to Defendant DOJ, which requested for the period from April 19, 2023, to May 7, 2024, the following:

> (1) All communications about SSA Gary Shapley or SA Joseph Ziegler that were exchanged between [Hunter] Biden's legal team and any employee in the United States Attorney's Office for the District of Delaware ("USAODE");
>
> (2) All communications sent or received by any Department employee in the USAODE discussing [Hunter Biden's or his legal team's allegations against SSA Shapley or SA Zeigler; and
>
> (3) All communications about SSA Shapley or SA Zeigler that were exchanged between any Department employee in the USAODE, and any individual outside the Department.

Pl.'s FOIA Requests to DOJ, Ex. 7, incorporated by reference as if fully set forth herein (hereinafter the May FOIA).

20. On May 8, 2024, the DOJ acknowledged receipt of Plaintiff's FOIA request and assigned tracking number EOSU-2024-001897. The DOJ notated the subject as "All communications about SSA Gary Shapley or SA Joseph Ziegler." *See* Def.'s FOIA Response, Ex. 8, incorporated by reference as if fully set forth herein.

21. The DOJ's letter stated its view that "unusual circumstances" applied to the processing of Plaintiff's Request No. EOSU-2024-001897 which would delay its ability to make a determination within the statutory time frame of 20 days (excluding weekend and legal public holidays) and the additional ten days. *Id.*

22. On June 5, 2024, Plaintiff sent a fifth FOIA request letter to Defendant DOJ, and requested the following records:

    1) Since April 4, 2024, all communications [Hunter] Biden's counsel had with Department officials with the Office of the Attorney General, Office of the Deputy Attorney General, Office of the Associate Attorney General, Office of Legislative Affairs, Office of Public Affairs, and Office of Special Counsel David Weiss; and

    2) All communications sent to or from Department employees with the Office of the Attorney General, Office of the Deputy Attorney General, Office of the Associate Attorney General, Office of Legislative Affairs, Office of Public Affairs, and Office of Special Counsel David Weiss concerning or referencing Empower Oversight's April 4, 2024, letter to Attorney General Garland.

    Pl.'s FOIA Requests to DOJ, Ex. 9, incorporated by reference as if fully set forth herein, (hereinafter the June 2024 FOIA).

23. On June 6, 2024, the DOJ acknowledged receipt of Plaintiff's FOIA request dated June 5, 2024, and assigned number FOIA-2024-02180. Def.'s FOIA Response, Ex. 10.

24. The DOJ's letter stated its view that "unusual circumstances" applied to the processing of Plaintiff's Request FOIA-2024-02180 which would delay its ability to make a determination within the statutory time frame of 20 days (excluding weekends and legal public holidays) and the additional ten days. *Id.* The purported "unusual circumstances" included the need to search in and/or consult with another Office. *Id.*

25. According to the DOJ's letter, the Plaintiff's FOIA request had been labeled complex, meaning that it would take longer to process the request than the usual thirty business days. *Id.*

## CAUSE OF ACTION

### COUNT I
### Violation of the Freedom of Information Act

26. Plaintiff Empower Oversight re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully stated herein.

5

27. As to the first 2023 FOIA request letter sent by Plaintiff on September 7, 2023 (Pl.'s FOIA Requests to DOJ, Ex. 1.), Defendant DOJ's 20-day period commenced September 7, 2023, and expired on October 5th, 2023.

28. Defendant DOJ responded by letter on September 12, 2023. Def.'s FOIA Response, Ex. 2, incorporated by reference as if fully set forth herein. Defendant DOJ assigned a tracking number to the September 7 request and referred the request to the OIP.

29. Defendant DOJ did not assert unusual circumstances regarding the September 7 FOIA, but if it had, the extended deadline under 5 U.S.C. § 552(a)(6)(B)(i) would have ended on October 20th, 2023.

30. No other response has been received regarding the September 7 request.

31. As to the second 2023 FOIA request letter sent by Plaintiff on September 25, 2023 (Pl.'s FOIA Requests to DOJ, Ex. 3.), Defendant DOJ's 20-day period commenced September 25, 2023, and expired on October 24th, 2023.

32. Defendant DOJ responded by letter on September 27, 2023. Def.'s FOIA Response, Ex. 4, incorporated by reference as if fully set forth herein. Defendant DOJ assigned a tracking number to the September 25 request and referred the request to the OIP.

33. Defendant DOJ did not assert unusual circumstances regarding the September 25 FOIA, but if it had, the extended deadline under 5 U.S.C. § 552(a)(6)(B)(i) would have ended on November 7th, 2023.

34. No other response has been received regarding the September 25 request.

35. As to the third 2023 FOIA request letter sent by Plaintiff on September 26, 2023 (Pl.'s FOIA Requests to DOJ, Ex. 5.), Defendant DOJ's 20-day period commenced September 26, 2023, and expired on October 25th, 2023.

36. Defendant DOJ responded by letter on September 27, 2023. Def.'s FOIA Response, Ex. 6, incorporated by reference as if fully set forth herein. Defendant DOJ assigned a tracking number to the September 26 request and referred the request to the OIP.

37. Defendant DOJ did not assert unusual circumstances regarding the September 26 FOIA, but if it had, the extended deadline under 5 U.S.C. § 552(a)(6)(B)(i) would have ended on November 8th, 2023.

38. No other response has been received regarding the September 26 request.

39. As to the first 2024 FOIA request letter sent by Plaintiff on May 7, 2024 (Pl.'s FOIA Requests to DOJ, Ex. 7.), Defendant DOJ's 20-day period commenced May 7, 2024, and expired on June 5th, 2024.

40. Defendant DOJ responded by letter on May 8, 2024. Def.'s FOIA Response, Ex. 8, incorporated by reference as if fully set forth herein. Defendant DOJ asserted unusual circumstances because the request was complex and involved information from multiple field offices and agencies.

41. Defendant DOJ asserted the need for more than 10 extra days to complete the request, but the extended deadline under 5 U.S.C. § 552(a)(6)(B)(i) ended on June 20, 2024.

42. No other response has been received regarding the May 7 request.

43. As to the second 2024 FOIA request letter sent by Plaintiff on June 5, 2024 (Pl.'s FOIA Requests to DOJ, Ex. 9.), Defendant DOJ's 20-day period commenced June 5, 2024, and expired on July 5th, 2024.

44. Defendant DOJ responded by letter on June 6, 2024. Def.'s FOIA Response, Ex. 10, incorporated by reference as if fully set forth herein.

45. Defendant DOJ asserted unusual circumstances because the request was complex and involved information from multiple field offices and agencies. Defendant DOJ asserted the need for more than 30 days to complete the request.

46. Defendant DOJ asserted the need for more than 10 extra days to complete the request, but the extended deadline under 5 U.S.C. § 552(a)(6)(B)(i) ended on June 21, 2024.

47. No other response has been received regarding the June 5 request.

48. The FOIA establishes a 20-day deadline by which a federal agency must make and issue a determination regarding compliance with a request for records made pursuant to the statute. 5 U.S.C. § 552(a)(6)(A)(i).

49. The FOIA permits a federal agency, in unusual circumstances, to extend the 20-day response deadline for a period not to exceed ten (10) additional business days. 5 U.S.C. § 552(a)(6)(B)(i). The FOIA states that such an extension must set forth "the date on which a determination is expected to be dispatched," which shall not be "a date that would result in an extension for more than ten working days." *Id*.

50. Plaintiff has a statutory right to have Defendant process Plaintiff's FOIA request in a timely manner and in accordance with the requirements set forth in 5 U.S.C. § 552(a)(6).

51. The Defendant is unlawfully withholding records requested by Plaintiff pursuant to the FOIA, 5 U.S.C. § 552.

52. The FOIA provides a cause of action for a complainant from whom a federal agency has withheld requested records. 5 U.S.C. § 552(a)(4)(B).

53. Through continued delay and outright failure to properly respond to Plaintiff's lawful request for records, and its improper withholding of such requested records, the Defendant has failed

to comply with FOIA's prescribed deadlines for responding to a request for records and has violated Plaintiff's statutory rights.

54. Pursuant to 5 U.S.C. § 552(a)(6)(C), because the Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request.

55. Plaintiff is being irreparably harmed by reason of the Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless the Defendant is compelled to conform its conduct to the requirements of the law.

56. The FOIA imposes no limits on courts' equitable powers in enforcing its terms, and this Court should exercise its equitable powers to compel the Defendant to comply with the clear requirements of the FOIA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant, and provide Plaintiff with the following relief:

(a) An Order that Defendant conduct a diligent, expedited search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that they employed reasonable search methods most technologically likely to lead to the discovery of records responsive to Plaintiff's FOIA request, selected from among those methods available to Defendant;

(b) An Order that Defendant produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under a claim of exemption;

(c) An Order enjoining Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(d) An Order declaring Defendant DOJ's assertion that it can extend the deadline beyond that allowed for in the statute is unlawful without properly triggering the underlying 10-day "unusual circumstance" provision in the first place and enjoining Defendant from continuing to make such assertions or act in such a manner;

    (e)    A declaration that Defendant's actions violated Plaintiff's statutory rights under 5 U.S.C. § 552;

    (f)    An Order awarding to Plaintiff its reasonable attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

    (g)    An Order granting to Plaintiff all further relief to which Plaintiff may be entitled.

Dated: October 17, 2024.        Respectfully submitted,

THE AMERICAN CENTER FOR LAW AND JUSTICE

| | |
|---|---|
| JAY ALAN SEKULOW | /s/ *John A Monaghan*__ |
|   (D.C. Bar No. 496335) | JOHN A. MONAGHAN |
|   *COUNSEL OF RECORD* |   (D.C. Bar. #VA109) |
| JORDAN SEKULOW | BENJAMIN P. SISNEY |
|   (D.C. Bar No. 991680) |   (D.C. Bar. No. 1044721) |
| STUART J. ROTH | 201 Maryland Avenue, N.E |
|   (D.C. Bar No. 475937) | Washington, D.C.  20002 |
| | Telephone: (202) 546-8890 |
| | Facsimile: (202) 546-9309 |
| | Email: jmonaghan@aclj.org |
| |         bsisney@aclj.org |

*Counsel for Plaintiff Empower Oversight*