UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMPOWER OVERSIGHT WHISTLEBLOWERS & RESEARCH,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 24-2950 (JMC) |

## ANSWER

Defendant, the United States Department of Justice ("DOJ" or "the Department"), by and through undersigned counsel, respectfully submits this Answer to the Complaint filed by Plaintiff, Empower Oversight Whistleblowers & Research ("Plaintiff"), on October 17, 2024. Defendant submits responses to the Complaint in like-numbered paragraphs as follows:

## JURISDICTION AND VENUE[1]

1. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant admits that the Court has jurisdiction over proper FOIA requests subject to the terms and limitations of the FOIA.

2. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this District.

3. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies that injunctive relief is proper in this action.

---

[1] Defendant replicates the headings contained in the Complaint for ease of reference. Defendant maintains that no response is required to such headings. However, to the extent a response is required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

4. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies that declaratory relief is proper in this action.

## PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph.

6. Admitted that DOJ is a federal agency under the Freedom of Information Act ("FOIA").

7. Admitted that DOJ is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530.

8. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

9. Admitted that DOJ received a FOIA request from Plaintiff dated September 7, 2023. The remainder of this paragraph consists of a legal conclusion, to which no response is required. Defendant respectfully refers the Court to Plaintiff's September 7, 2023 FOIA request (Plaintiff's Exhibit 1) for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

10. This paragraph consists of Plaintiff's characterizations of its FOIA request, to which no response is required. Defendant respectfully refers the Court to Plaintiff's September 7, 2023 FOIA request (Plaintiff's Exhibit 1) for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

11. This paragraph consists of a legal conclusion, to which no response is required. Defendant respectfully refers the Court to Plaintiff's September 7, 2023 FOIA request (Plaintiff's

Exhibit 1) for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

12.     Admitted that the Department's Mail Referral Unit ("MRU") sent Plaintiff a letter dated September 12, 2023, assigning Plaintiff's request a tracking number of EMRUFOIA090723-5 and forwarding that request to the Office of Information Policy ("OIP"). Defendant respectfully refers the Court to the MRU's September 12, 2023 letter (Plaintiff's Exhibit 2) for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

13.     Admitted that DOJ received a FOIA request from Plaintiff dated September 25, 2023. The remainder of this paragraph consists of Plaintiff's characterizations of its FOIA request, to which no response is required. Defendant respectfully refers the Court to Plaintiff's September 25, 2023 FOIA request (Plaintiff's Exhibit 3) for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

14.     This paragraph consists of a legal conclusion, to which no response is required. Defendant respectfully refers the Court to Plaintiff's September 25, 2023 FOIA request (Plaintiff's Exhibit 2) for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

15.     Admitted that the MRU sent Plaintiff a letter dated September 27, 2023, assigning Plaintiff's request a tracking number of EMRUFOIA092523-3 and forwarding that request to OIP. Defendant respectfully refers the Court to the MRU's September 27, 2023 letter (Plaintiff's Exhibit 4) for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

16.     Admitted that DOJ received a FOIA request from Plaintiff dated September 26, 2023. The remainder of this paragraph consists of Plaintiff's characterizations of its FOIA request,

to which no response is required. Defendant respectfully refers the Court to Plaintiff's September 26, 2023 FOIA request (Plaintiff's Exhibit 5) for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

17. This paragraph consists of a legal conclusion, to which no response is required. Defendant respectfully refers the Court to Plaintiff's September 26, 2023 FOIA request (Plaintiff's Exhibit 5) for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

18. Admitted that the MRU sent Plaintiff a letter dated September 27, 2023, assigning Plaintiff's request a tracking number of EMRUFOIA092623-1 and forwarding that request to OIP. Defendant respectfully refers the Court to the MRU's September 27, 2023 letter (Plaintiff's Exhibit 6) for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

19. Admitted that the Executive Office for United States Attorneys ("EOUSA") received a FOIA request from Plaintiff dated May 13, 2024. Defendant avers that this request, while dated May 13, 2024, was received by EOUSA on May 7, 2024. Defendant respectfully refers the Court to Plaintiff's May 13, 2024 FOIA request (Plaintiff's Exhibit 7) for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

20. Admitted that EOUSA issued a response letter on May 8, 2024. Defendant avers that Defendant assigned tracking number EOUSA-2024-001897 to Plaintiff's May 13, 2024 FOIA request. Defendant respectfully refers the Court to EOUSA's May 8, 2024 response letter (Plaintiff's Exhibit 8) for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

21. This paragraph consists of Plaintiff's characterization of EOUSA's May 8, 2024 response letter, to which no response is required. Defendant respectfully refers the Court to EOUSA's May 8, 2024 response letter (Plaintiff's Exhibit 8) for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

22. Admitted that OIP received a FOIA request from Plaintiff dated June 5, 2024. The remainder of this paragraph consists of Plaintiff's characterizations of its FOIA request, to which no response is required. Defendant respectfully refers the Court to Plaintiff's June 5, 2024 FOIA request (Plaintiff's Exhibit 9) for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

23. Admitted that OIP sent Plaintiff an acknowledgement letter dated June 6, 2024, providing tracking number FOIA-2024-02180. Defendant respectfully refers the Court to OIP's June 6, 2024 acknowledgment letter (Plaintiff's Exhibit 10) for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

24. This paragraph consists of Plaintiff's characterizations of OIP's June 6, 2024 acknowledgment letter, to which no response is required. Defendant respectfully refers the Court to OIP's June 6, 2024 acknowledgment letter (Plaintiff's Exhibit 10) for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

25. This paragraph consists of Plaintiff's characterizations of OIP's June 6, 2024 acknowledgment letter, to which no response is required. Defendant respectfully refers the Court to OIP's June 6, 2024 acknowledgment letter (Plaintiff's Exhibit 10) for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

**CAUSE OF ACTION**

26. Defendant realleges paragraphs 1 through 25 as if fully stated herein.

27. This paragraph consists of a legal conclusion, to which no response is required.

28. This paragraph consists of Plaintiff's characterization of the MRU's September 12, 2023 letter, to which no response is required. Defendant respectfully refers the Court to the MRU's September 12, 2023 letter (Plaintiff's Exhibit 2) for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

29. This paragraph consists of a legal conclusion, to which no response is required.

30. Denied. Defendant avers that on September 15, 2023, OIP sent Plaintiff a letter acknowledging Plaintiff's September 7, 2023 FOIA request, and providing tracking number FOIA-2023-02499. Defendant respectfully refers this Court to the aforementioned acknowledgment letter for a complete and accurate description of its contents, and denies any allegations inconsistent therewith. A copy of OIP's acknowledgment letter is attached hereto as Defendant's Exhibit A. Furthermore, Defendant avers that on September 21, 2023, OIP re-sent a copy of its September 15, 2023 acknowledgement letter via email. Defendant respectfully refers this Court to the aforementioned email for a complete and accurate description of its contents, and denies any allegations inconsistent therewith. A copy of OIP's email is attached hereto as Defendant's Exhibit B.

31. This paragraph consists of a legal conclusion, to which no response is required.

32. This paragraph consists of Plaintiff's characterization of the MRU's September 27, 2023 letter, to which no response is required. Defendant respectfully refers the Court to the MRU's September 27, 2023 letter (Plaintiff's Exhibit 4) for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

33. This paragraph consists of a legal conclusion, to which no response is required.

34. Denied. Defendant avers that OIP sent Plaintiff a letter dated October 4, 2023, providing OIP's final response to Plaintiff's September 25, 2023 FOIA request. This letter indicated that Plaintiff's September 25, 2023 FOIA request appeared to be seeking the same records requested by Plaintiff's September 7, 2023 FOIA request, and further indicated that Plaintiff's September 25, 2023 FOIA request would be closed as duplicative. This letter additionally advised that, "[t]o the extent that your request of September 25, 2023 is seeking records distinctly separate from those request in your request of September 7, 2023, we ask that you advise this Office so that we can process your requests appropriately." Defendant respectfully refers this Court to the aforementioned final response letter for a complete and accurate description of its contents, and denies any allegations inconsistent therewith. A copy of OIP's final response letter is attached hereto as Defendant's Exhibit C.

35. This paragraph consists of a legal conclusion, to which no response is required.

36. This paragraph consists of Plaintiff's characterization of the MRU's September 27, 2023 letter, to which no response is required. Defendant respectfully refers the Court to the MRU's September 27, 2023 letter (Plaintiff's Exhibit 6) for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

37. This paragraph consists of a legal conclusion, to which no response is required.

38. Denied. Defendant avers that OIP sent Plaintiff a letter dated October 4, 2023 acknowledging Plaintiff's September 26, 2023 FOIA request, and providing tracking number FOIA-2023-02697. Defendant respectfully refers this Court to the aforementioned acknowledgment letter for a complete and accurate description of its contents, and denies any allegations inconsistent therewith. A copy of OIP's acknowledgment letter is attached hereto as Defendant's Exhibit D.

39. This paragraph consists of a legal conclusion, to which no response is required.

40. This paragraph consists of Plaintiff's characterization of EOUSA's May 8, 2024 letter, to which no response is required. Defendant respectfully refers the Court to EOUSA's May 8, 2024 letter (Plaintiff's Exhibit 8) for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

41. This paragraph contains Plaintiff's characterization of EOUSA's May 8, 2024 letter, to which no response is required. Defendant respectfully refers the Court to EOUSA's May 8, 2024 letter (Plaintiff's Exhibit 8) for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith. This paragraph further contains a legal conclusion, to which no response is required.

42. Admitted that EOUSA has not issued any further communications with regards to Plaintiff's FOIA request dated May 13, 2024 (Plaintiff's Exhibit 7), received by EOUSA on May 7, 2024.

43. This paragraph consists of a legal conclusion, to which no response is required.

44. Admitted that OIP sent Plaintiff an acknowledgement letter dated June 6, 2024. Defendant respectfully refers the Court to OIP's June 6, 2024 response letter (Plaintiff's Exhibit 10) for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

45. This paragraph contains Plaintiff's characterization of OIP's June 6, 2024 acknowledgment letter, to which no response is required. Defendant respectfully refers the Court to OIP's June 6, 2024 acknowledgement letter (Plaintiff's Exhibit 10) for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

46. This paragraph consists of a characterization of OIP's June 6, 2024 response letter, to which no response is required. Defendant respectfully refers the Court to OIP's June 6, 2024 response letter (Plaintiff's Exhibit 10) for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith. This paragraph further consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendant admits it requested to extend its deadline. The remainder of this paragraph is denied.

47. Admitted.

48. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the text of the FOIA and denies any allegations inconsistent therewith.

49. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the text of the FOIA and denies any allegations inconsistent therewith.

50. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies.

51. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies.

52. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies.

53. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies.

54. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies.

55. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendant denies.

56. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendant denies.

## PRAYER FOR RELIEF

This section of the Complaint contains Plaintiff's requests for relief, to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer.

## FIRST DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA. *See* 5 U.S.C. § 552.

## SECOND DEFENSE

To the extent the agency has potentially responsive records, Plaintiff is not entitled to compel the production of any record or portion of any record exempt from disclosure by one or more exemptions enumerated in the FOIA, *see* 5 U.S.C. § 552(b), or the Privacy Act, 5 U.S.C. § 552a.

## THIRD DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees or costs in this matter.

## FOURTH DEFENSE

Plaintiff is not entitled to declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

**FIFTH DEFENSE**

Plaintiff's requests fail to comply with the requirements of FOIA to the extent they impose an undue burden and because they fail to reasonably describe the records sought.

**SIXTH DEFENSE**

Defendant has exercised due diligence in processing Plaintiff's FOIA requests, and exceptional circumstances exist that necessitate additional time for Defendant to continue its processing of the FOIA request.  *See* 5 U.S.C. § 552(a)(6)(B)(i).

Dated:  December 20, 2024
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: */s/ Brenda González Horowitz*
BRENDA GONZÁLEZ HOROWITZ
D.C. Bar No. 1017243
Assistant United States Attorney
601 D Street N.W.
Washington, D.C. 20530
202-252-2512
Brenda.Gonzalez.Horowitz@usdoj.gov

*Attorneys for the United States of America*